IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 19-CR-00564-KWR |
| | ) |
| LOWELL BEGAY, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America is in receipt of the Presentence Investigation Report ("PSR"), Doc. 86. The United States respectfully submits this sentencing memorandum and requests that the Court accept the plea agreement and impose sentence of time served, as of the date of the sentencing hearing.

BACKGROUND[1]

On or about September 11, 2018, in Indian Country, in San Juan County, in the District of New Mexico, Defendant Lowell Begay, an Indian, unlawfully killed Jane Doe, the person named in the superseding indictment, by handling a dangerous weapon, a firearm, while intoxicated and without due caution and circumspection and with a wanton and reckless disregard for human life when he knew and should have known that his conduct imperiled the lives of others.

---

[1] According to the PSR ¶ 21, Defendant's version of events is contained in the Plea Agreement filed in this case on April 16, 2021, Doc. 83. The factual background in this sentencing memorandum is therefore summarized from Doc. 83 and the PSR ¶¶ 9 – 20.

1

Specifically, Defendant was holding a loaded firearm in an unsafe manner because he was intoxicated and the residence that he was in did not have electricity. It was nighttime and therefore it was dark inside of the residence as well. The residence is in San Juan County, New Mexico, in the District of New Mexico and within the exterior boundaries of the Navajo Nation and therefore Indian Country as defined by federal law. Defendant is an enrolled member of the Navajo Nation and therefore an Indian as defined by federal law.

While Defendant was recklessly holding the firearm it accidently fired and the bullet hit Jane Doe and killed her. At the time Defendant knew the inherent risks of improperly holding a firearm and therefore foreseeable to him that his conduct was a threat to the lives of others.

Defendant was arrested on May 28, 2020, after a grand jury indicted him on July 25, 2019, charged him in Count 1 with involuntary manslaughter in violation of 18 U.S.C. § 1112(a) and (b), 18 U.S.C. § 1153. (Superseding Indictment, Doc. 20.) Defendant pled guilty on April 16, 2021, pursuant to Fed. R. Crim. P. ("Rule") 11(c)(1)(C) that recommended a sentence of time served, as of the date of the sentencing hearing. (PSR ¶¶ 2-3.)

THE SENTENCING GUIDELINES CALCULATION

On June 8, 2021, United States probation issued a PSR calculating Defendant's guideline range as 24 months to 30 months based upon a total offense level of 15 and a criminal history category of III. (PSR ¶ 68.) The government agrees with the guideline calculations contained in the PSR.

THE PLEA AGREEMENT

The Rule 11(c)(1)(C) plea agreement contemplated a downward variance to the anticipated guideline range for Defendant. The government respectfully requests the Court

accept this agreement.   As the Supreme Court has recognized, "[t]he potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012).   Parties in a criminal case must assess the likely outcome of motions and trial practice.   Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement.   Likewise, counsel for the United States must weigh the risks of proceeding to trial or risks associated with pre-trial litigation.

The United States carefully weighed the evidence in this case.   In negotiating Defendant's plea agreement, the United States considered the strength evidence, Defendant's unique 18 U.S.C. § 3553 factors, as well as the impact additional litigation would have on the judicial system.   The parties evaluated the evidence (both admissible and potentially inadmissible) and the elements of involuntary manslaughter.   The proposed plea agreement avoids forcing witnesses to testify about the facts outlined above, which is admittedly emotional at times due to a person losing her life.   Beyond a receiving a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), Defendant ended up being cooperative with law enforcement and assisted in the understanding what tragically took place on September 11, 2018.   Accordingly, the United States asks this Court to accept Defendant's plea agreement.

## ARGUMENT

As this Court is well-aware, the United States Sentencing Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220, 234 (2005).   In determining a sentence, the district court must consider both the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United*

*States*, 552 U.S. 38, 51 (2007). Under this framework, an appropriate sentence is one that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2)(A-D); *Booker*, 543 U.S. at 261-62. Specific factors relevant to the sentencing analysis include the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1-7). Furthermore, while no presumption of reasonableness attaches to a Guideline sentence, *United States v. Rita*, 551 U.S. 338, 350 (2007), the Court still must consider the sentencing Guideline range. 18 U.S.C. § 3553(a)(4). In particular, the court may conclude that a Guideline sentence is a "rough approximation" of a sentence that would achieve the objectives of 18 U.S.C. § 3553(a). *Rita*, 551 U.S. at 350. For the reasons set forth below, a sentence of time served, as of the date of the sentencing hearing, is the appropriate disposition in this case.

    **1. Nature and Circumstances of the Offense**

    Defendant pled guilty to being responsible for the death of another person. In determining Defendant's sentence, the Court must consider the "nature and circumstances" of this offense. 18 U.S.C. § 3553(a)(1). One purpose of this inquiry is distinguishing among defendants who commit a particular offense or type of offense. *See United States v. Cerno*, 529 F.3d 926, 939 (10th Cir. 2008) (Section 3553(a) directs courts to consider "whether the offense committed was more or less heinous than offenses committed by other defendants convicted under the same statute."). Generally, the more egregious the offense the more severe punishment the Court should impose. *See* 18 U.S.C. § 3553(a)(2)(A) (the sentence imposed

should reflect the seriousness of the offense.)   The present case appears to be factually unique in many respects to other involuntary manslaughter cases.

Here, Defendant admitted that he accidently killed Jane Doe.   Defendant was drunk and recklessly handling a firearm when it went off and killed a woman.   Perhaps most troubling, Defendant and all his friends were consuming alcohol while handling the firearm.   A woman lost her life as a result of such reckless conduct.   Defendant knew the inherent risks of improperly holding a firearm and therefore it was plainly foreseeable to him that his conduct was a threat to the lives of others.

**2. History and Characteristics of the Defendant**

Defendant's criminal history is full of alcohol-related offenses. (PSR ¶¶ 38-43.)   The current matter also included alcohol.   In reading the PSR, beyond struggling with alcohol, Defendant appears to have lived a difficult life.   It appears that Defendant has lost those close to him under unusual circumstances, but he also was close to his family growing up. (PSR ¶¶ 53-54.)   Defendant's lack of formal education beyond eleventh grade likely impacted his ability to advance his education or special skills and he appears to have been unemployed from 2008 until the present. (PSR ¶¶ 61-63.)

Given Defendant's history involving alcohol, including drinking while driving, Defendant no doubt was aware of the dangers associated with reckless behavior while intoxicated.

**3. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment**

In determining the sentence, the United States asks the Court to consider Defendant's acceptance of responsibility in this case and the potential future litigation would have had on the case and the victim's family. This case highlights that the dangers of reckless behavior while intoxicated are not limited to drunk driving. Had the firearm not been handled by Defendant while he was drunk on September 11, 2018, a woman would still be alive. There is no question the offense was a traumatic experience for the victim's family and likely Defendant himself. The proposed agreement protects the witnesses from the stress and emotional worry of continued litigation.

A sentence of time served, as of the date of the sentencing hearing, is not an insignificant disposition given that Defendant has been in custody for approximately 13 months. Despite no additional time in custody, the sentence should still promote respect for the law, and for a period society has been protected from Defendant's conduct when he drinks alcohol. Defendant will be 39 years old later this year and hopefully he comes to the realization that drinking alcohol in excess and in a reckless manner can kill people and ruin the lives of those who love him or her.

Given the facts in this case, the sentence, and Defendant's history of alcohol abuse and behavior, the United States recommends the maximum 3-year term of supervised release. (PSR ¶¶ 70-71.)

CONCLUSION

In this unique case, a sentence of time served is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). WHEREFORE, the United States respectfully requests that this Court accept the plea agreement and sentence Defendant to a sentence of time serve followed by 3 years of supervised release.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

 *Filed Electronically* on June 11, 2021
DAVID P. COWEN
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to opposing counsel of record and to U.S. Probation.

       */s/*
DAVID P. COWEN
Assistant United States Attorney